## In re Daniel J. MacArthur; Application for Admission as Attorney

Superior Court      New London County      File No. Bar 7

Memorandum filed October 28, 1947.

*William C. Fox, Jr.,* of New Haven, for Applicant.

*William H. Shields,* of Norwich, in Opposition.

INGLIS, J. This is an application for admission to the bar under § 8A of the Practice Book. That section reads in part as follows: "Any person who has served in the armed forces of the United States for not less than one year, who was a resident of Connecticut when inducted, who has been honorably discharged from such service and who has since June 1, 1941 been graduated from a law school, the standing of which is approved by the state bar examining committee, may, within one year after his discharge or the termination of hostilities, whichever is sooner, apply to the Superior Court in the county in which he resides for admission to the bar of this State without examination." The rule then goes on to provide for the reference of the application to the standing committee on recommendations, the payment of a fee, the report of the committee to the bar of the county, action by the bar thereon and, if all those steps have been taken and the action is favorable to the applicant, the placing of the application on the short calendar. All of these proceedings have been had in this case. The rule then concludes with the following sentence: "At such short calendar, the Superior Court may admit the candidate as an attorney, upon motion of the bar."

William H. Shields of the New London county bar has entered in opposition to the application and thereby has rendered a real service to the court in that by so doing he has made it possible to have a full discussion of the question of the proper application of the rule to this case. Mr. Shields' contention is, in brief, that this applicant has not qualified under the rule because his application was not filed either within one year after the termination of hostilities or within one year after the applicant's discharge from the service.

The facts of the case are as follows: The applicant, a resident of Groton, Connecticut, was inducted into the army of the

United States on February 24, 1942, and was honorably dis-
charged from that branch of the service in September, 1942.
Immediately thereafter he entered the navy and served therein
continuously until February 15, 1946, at which time he was
honorably discharged. He thereupon resumed his study of the
law at Georgetown University Law School, an approved school,
from which institution he was graduated as of February 5, 1947.
Although he had completed his law studies and was graduated
as of that date he did not receive definite word from the school
that he had so graduated until March 11. He had in the meantime
made due effort to ascertain the fact of his graduation, but
information on the subject was not forthcoming from the school.
Immediately upon receipt of the necessary information he pre-
pared this application and filed it on March 14, 1947.

So far as concerns the suggestion that the application for
admission was not filed within one year after the termination
of hostilities, the contention is made that hostilities ceased
upon the surrender of Japan on September 3, 1945. Certainly,
as a mater of fact, actual hostilities did not cease with that
surrender. As a matter of common knowledge, fighting went
on long after that. In the application of the rule of court in
question the only date which can be taken with certainty as
marking the termination of hostilities is that fixed by the presi-
dent of the United States in proclamation, to wit, December
31, 1946. The present application was of course filed well within
one year following that date.

Upon the question whether the application must be denied
because it was not filed within one year after the date of the
applicant's discharge from service, the following considerations
must be borne in mind:

The rule of court in question involves the recognition of
the fact that bar examinations are designed ordinarily to test
the knowledge and ability of students who are fresh from three
years, or more, of continuous study of the law. Consequently,
those whose study of the law has not been consecutive for the
requisite period immediately before the examination would be
at a disadvantage and under a handicap which those who or-
dinarily take the examinations do not suffer. The rationale
of the rule very obviously is that no man ought to suffer any
more than is necessary by reason of the fact that he has rendered
military service to the country. It was therefore deemed only
fair to relieve any such man of the necessity of taking the bar

examinations provided he had graduated from a recognized law school. Under the rule, such graduation is to be accepted as an adequate guarantee of his knowledge and ability.

The rule does provide a limitation of the time within which the privilege granted may be exercised. That limitation is that the application is to be filed within the year after the applicant has been discharged from service or after the termination of hostilities. The reason for imposing this limitation is obvious. It is that the war which created conditions which made the rule advisable was a temporary affair. Accordingly, the privilege should not continue forever. It should continue only so long as the conditions which justified it continue. There had to be an end put to the privilege sometime. Accordingly, the period of one year after the applicant's discharge or one year after the termination of hostilities was fixed more or less arbitrarily. It might have been thought that a full year of study after his discharge would be adequate to get a man prepared to take the examinations. That consideration could not have been controlling, however, because the period is also limited to the year after the termination of hostilities, and in the case of many men that period would elapse before they could have completed a year of study. It is therefore more logical to believe that the limitation of the time within which the application for admission is to be filed goes to the procedure under the rule rather than to the substance of the rule. A delay in filing such an application injures no one. No one's rights are adversely affected thereby. It is therefore apparent that the provision of the rule relating to the time of filing the applicaton is directory rather than mandatory and therefore should not operate to deprive an applicant of his privilege under the rule if he has complied with it substantially although not strictly.

In the prescent case, it is apparent that the applicant has satisfied all of the substantive requirements of the rule. He was a resident of this state when he went into service. He has served in the armed forces for more than a year. He has graduated from an approved law school. And he graduated from that school within one year after his discharge from the service, so technically he was in a position to file his application within that year. His failure to file his application within the year was due to no fault of his. It was due to a condition over which he had no control. Before he heard from the school he could not honestly certify on his application that he had

graduated. And it was immediately upon the receipt of that information that he filed the application.

It is concluded that, having satisfied all of the substantive requirements of the rule, the applicant ought not to be defeated simply because he has not strictly complied with the directory feature of it. He was less than a month late in filing his application, and under all of the circumstances it is concluded that he has substantially complied with the requirements of the rule relating to the time of filing.

An order may enter admitting the applicant to the practice of the law in this state. He may present himself before the court on Friday, October 31, 1947, at 10 o'clock in the forenoon to take the attorneys' oath and the oath of a commissioner of the superior court.